**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas ROSS, Juan Hernandez, Jose
Rodriguez, Fidelmar Cortes, Marlon
Regalado, and Gerald Pittman, Defen-
dants–Appellants.**

Nos. 08–1714, 08–1717, 08–1715,
08–1718, 08–1716, 08–1719.

United States Court of Appeals,
Seventh Circuit.

Argued April 7, 2010.

Decided April 30, 2010.

Barry Rand Elden, Attorney, Office of
the United States Attorney, Chicago, IL,
for Plaintiff–Appellee.

Carl P. Clavelli, Attorney, Chicago, IL,
for Defendants–Appellants.

Before DIANE P. WOOD, Circuit
Judge, TERENCE T. EVANS, Circuit
Judge, DIANE S. SYKES, Circuit Judge.

### ORDER

This dispute is now, regrettably, in its
third decade. It concerns a huge drug
distribution conspiracy involving members
of the Maniac Latin Disciples gang to ped-
dle marijuana, cocaine, and crack in Chica-
go. The gang drug dealing activities took
place in the 1990's. Seventeen gang mem-
bers were indicted in May of 2000 on 50
counts alleging drug and firearm offenses.
Ten were convicted (others pled guilty)
after a 2001 jury trial that lasted several
months. Sentencing proceedings were
strung out while the parties disputed the
application of the guidelines, which at that
time were mandatory. Ultimately, nine of
ten defendants convicted in the trial ap-
pealed, and we affirmed their convictions
in 2005. *United States v. Medina,* 430
F.3d 869 (7th Cir.2005). Because by then,
however, *United States v. Booker,* 543 U.S.
220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),
had reduced the guidelines to advisory sta-
tus, we ordered that the case as to three
defendants be returned to the district
court for re-sentencing. Three other de-
fendants also won full re-sentencing pro-
ceedings following limited remands pursu-
ant to the procedure we outlined in *United
States v. Paladino,* 401 F.3d 471 (7th Cir.
2005).

The six defendants were re-sentenced in
2008. And now they are back here in 2010
challenging the new sentences they re-
ceived. The six defendants and their old
and new sentences are:

| Defendant | Original Sentence | Sentence After Remand |
|---|---|---|
| Thomas Ross | Life | 360 months |
| Juan Hernandez | 360 months | 360 months |
| Jose Rodriguez | 292 months | 235 months |
| Fidelmar Cortes | 235 months | 200 months |
| Marlon Regalado | 324 months | 240 months |
| Gerald Pittman | Life | 360 months |

The defendants, in a joint brief, and Her-
nandez, in an individual brief, raise numer-
ous issues to contest their new sentences.
Almost all of the claims (things like drug
type and drug quantity) are off the table at
this point—a couple were waived, others
lack merit. However, one issue deserves
our attention. The defendants argue that
the district court failed to consider wheth-
er the sentencing disparity between crack
and powder cocaine was warranted in their
cases in light of *Kimbrough v. United
States,* 552 U.S. 85, 128 S.Ct. 558, 169
L.Ed.2d 481 (2007).

Whether the district court followed the
proper sentencing procedures is a question

of law subject to de novo review. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir.2007). We must ensure that the district court did not commit procedural error by, for example, failing to properly calculate the guidelines range or by failing to consider the sentencing factors noted in 18 U.S.C. § 3553(a). *United States v. Pape*, 601 F.3d 743, 745–46 (7th Cir.2010) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). While the district court is not required to address every claim a defendant makes, it must consider arguments that are strong enough to merit discussion. *See United States v. Villegas–Miranda*, 579 F.3d 798, 801 (7th Cir.2009).

*Kimbrough* was decided a few months before the defendants were re-sentenced. Although the defendants filed a joint memorandum concerning the case, the district court never directly addressed it during the re-sentencing proceedings. Moreover, the district judge made comments that suggest he felt constrained by the crack/powder disparity. He said he was "bound by the law as it stands now" while re-sentencing Ross and "the law is the law" while re-sentencing Pittman. In re-sentencing Hernandez, the district judge spoke as if he harbored the very concern *Kimbrough* sought to address: "[Y]ou talk about the disparity of crack and coke, and I agree that there is, I think that something should be done.... I hope that the nation wakes up to that. But right now the law is the law, and I'm enforcing it the way it is written, and that's a sad decision I have to make." Consequently, we're not sure the judge appreciated the wiggle room *Kimbrough* provides, and we believe

a remand is warranted on this limited issue.

Therefore, we VACATE the sentences and REMAND to the district court for further proceedings in light of *Kimbrough*.[1] We do not, however, believe that a full-blown do-over of the proceedings, with defendants physically produced in Chicago, is necessary to fairly wrap up this case.

---

1. The government argues that *Kimbrough* does not apply to Hernandez because he was sentenced as a career offender, relying on *United States v. Millbrook*, 553 F.3d 1057 (7th Cir.2009). However, the holding in *Millbrook* was overruled by *United States v. Corner*, 598 F.3d 411 (7th Cir.2010).